**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3268 |
| *Plaintiff - Appellee*, | D.C. No. 1:22-cr-00291-JLT-SKO-1 |
| v. | |
| JONATHAN LOPEZ, | |
| *Defendant - Appellant*. | OPINION |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted May 21, 2026
San Francisco, California

Filed July 28, 2026

Before: Kim McLane Wardlaw, Carlos T. Bea, and Gabriel
P. Sanchez, Circuit Judges.

Opinion by Judge Wardlaw

# SUMMARY[*]

## Criminal Law

The panel vacated the sentence imposed on Jonathan Lopez following his guilty plea to possessing a firearm as a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and remanded for resentencing.

The district court enhanced Lopez's sentence under U.S.S.G. § 2K2.1(a)(2) after determining that he had previously been convicted of two felony "crimes of violence" under California Penal Code § 273.5, a domestic violence offense that punishes a person who "willfully inflicts corporal injury resulting in a traumatic condition."

Together, *Borden v. United States*, 593 U.S. 420 (2021), and *United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026) (en banc), make clear that to qualify as a categorical crime of violence, an offense requires a mens rea greater than recklessness as to the use of force *directed at another person*.

The panel held that convictions under § 273.5 do not categorically qualify as crimes of violence, given that § 273.5—a general intent crime—requires only the mens rea of intending to do the assaultive act and does not require intent, or knowledge, that the use of force is directed at another. This court's previous cases, which held that § 273.5 is a categorical crime of violence without determining whether § 273.5 requires a mens rea greater

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

than recklessness as to the use of force directed at another, must be overruled as clearly irreconcilable with *Borden* and *Gomez*. Accordingly, the district court, while properly applying prior precedent, should not have applied § 2K2.1(a)(2) to enhance Lopez's sentence.

## COUNSEL

Cody Chapple (argued) and Arin C. Heinz, Assistant United States Attorneys; Nirav K. Desai, Assistant United States Attorney, Appellate Chief, Criminal Division; Phillip A. Talbert, United States Attorney; Office of the United States Attorney, United States Department of Justice, Fresno, California; for Plaintiff-Appellee.

Peggy Sasso (argued), First Assistant Federal Defender; Christina Corcoran, Assistant Federal Public Defender; Heather E. Williams, Federal Defender; Office of the Federal Defender, Fresno, California; for Defendant-Appellant.

## OPINION

WARDLAW, Circuit Judge:

Jonathan Lopez pleaded guilty to possessing a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1). The district court enhanced his sentence, under U.S.S.G § 2K2.1(a)(2), after determining that Lopez had previously been convicted of two felony "crimes of violence," under California Penal Code § 273.5,[1] a domestic violence offense that punishes a person who "willfully inflicts corporal injury resulting in a traumatic condition."

Lopez appeals his sentence, arguing that a conviction under Cal. Penal Code § 273.5 is not a categorical crime of violence.  We have previously held that § 273.5 is a categorical crime of violence, but these decisions are clearly irreconcilable with the Supreme Court's ruling in *Borden v. United States*, 593 U.S. 420 (2021), and our recent en banc decision in *United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026) (en banc), *cert. denied*, No. 25-7193, 2026 WL 1377030 (U.S. May 18, 2026).  Together, *Borden* and *Gomez* make clear that to qualify as a categorical crime of violence an offense requires a mens rea greater than recklessness as to the use of force *directed at another person*.  Thus, in light of *Borden* and *Gomez*, we hold that convictions under Cal.

---

[1] Cal. Penal Code § 273.5 is a "wobbler" offense in California, meaning that it can be "chargeable or . . . punishable as either a felony *or* a misdemeanor."  *People v. Valencia*, 3 Cal. 5th 347, 351 n.2 (2017) (quoting *People v. Park*, 56 Cal. 4th 782, 789 (2013)); *see also* Cal. Penal Code § 273.5(a) (explaining that the authorized punishment is either a term in state prison "or in a county jail for not more than one year").  Here, both parties agree that Lopez's two previous § 273.5 convictions were punished as felonies.

Penal Code § 273.5 do not categorically qualify as crimes of violence. Our prior precedent holding that § 273.5 is categorically a crime of violence must be overruled under *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), because it is clearly irreconcilable with the Supreme Court's opinion in *Borden*, and our en banc decision in *Gomez*. Thus, we hold that the district court incorrectly applied the sentencing enhancement for two felony crimes of violence in this case.

## I.

On November 3, 2022, Lopez was charged by indictment with a single count of possessing a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1). Lopez pleaded guilty pursuant to a plea agreement that preserved Lopez's right to appeal "a finding by the District Court that the defendant's prior convictions" under Cal. Penal Code § 273.5 "are crimes of violence under U.S.S.G. § 2K2.1(a)(2)."

Before sentencing, the probation office prepared a presentence report that determined that Lopez "ha[d] two felony convictions for offenses considered to be crimes of violence," because he had two previous convictions for violations of Cal. Penal Code § 273.5. Probation therefore concluded that Lopez's base offense level was 24, due to the application of U.S.S.G. § 2K2.1(a)(2), which applies when the defendant unlawfully possesses a firearm "subsequent to sustaining at least two felony convictions of [] a crime of violence." Without the "crime of violence" enhancement, Lopez's base offense level would have been 14. *See* U.S.S.G. § 2K2.1(a)(6). The probation office recommended a three-level reduction for acceptance of responsibility and assistance to authorities, resulting in a total offense level of

21 and a recommended Sentencing Guidelines range of 77 to 96 months. Both the probation office and the government recommended a sentence of 77 months.

At the sentencing hearing, Lopez objected to the probation office's determination that a conviction under Cal. Penal Code § 273.5 qualifies as a crime of violence. The district court overruled the objection "[b]ecause of the binding Ninth Circuit authority," and therefore agreed with the probation office that the applicable offense level was 21 and that the Sentencing Guidelines range was 77 to 96 months. The district court varied downward slightly and sentenced Lopez to a custody term of 67 months.

## II.

U.S.S.G. § 2K2.1(a)(2) increases the base offense level for certain firearms offenses when the defendant has at least two previous felony convictions for crimes of violence. For purposes of this enhancement, a crime of violence is defined, in part, as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). We have referred to this portion of the definition as the "elements clause." *See, e.g.*, *United States v. Davis*, 588 U.S. 445, 449 (2019); *Gomez*, 165 F.4th at 1203; *see also Borden*, 593 U.S. at 424 (plurality opinion) (describing the "elements clause").

This "elements clause," or an almost identical formulation of it, appears in various provisions of federal law. For example, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), defines a "violent felony" with the same elements clause as U.S.S.G. § 4B1.2(a). *Compare* 18 U.S.C. § 924(e)(2)(B)(i) (defining a "violent

felony" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* U.S.S.G. § 4B1.2(a)(1) (defining a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). The same is true of 18 U.S.C. § 16(a), which defines a "crime of violence" for purposes of many federal criminal and immigration laws. *See* 18 U.S.C. § 16(a) (defining a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Accordingly, case law interpreting one of these elements clauses applies to each. *See, e.g.*, *Borden*, 593 U.S. at 427 (describing the ACCA's elements cause as "relevantly identical" to 18 U.S.C. § 16(a)'s element clause); *United States v. Begay*, 33 F.4th 1081, 1092 n.6 (9th Cir. 2022) (en banc) ("The elements clause in 18 U.S.C. § 16 is 'virtually identical' to the one in § 924(c)(3), so 'we interpret their plain language in the same manner.'") (citing *United States v. Benally*, 843 F.3d 350, 353–54 (9th Cir. 2016)).

In *Borden*, a plurality of the Supreme Court[2] held that the elements clause does not include an offense that

---

[2] While the plurality opinion held that the mens rea requirement flows from the language in the elements clause requiring that force be used "against the person of another," *Borden*, 593 U.S. at 429 (plurality opinion), Justice Thomas, concurring in the judgment, asserted that reckless crimes do not satisfy the elements clause because of the "use of physical force" language in the elements clause, *see id.* at 446 (Thomas, J., concurring). Accordingly, "[i]n *Borden*, the four-justice plurality and Justice Thomas agreed that a mens rea of recklessness is insufficient to satisfy the elements clause," and "[t]he plurality opinion is narrower than Justice Thomas's opinion because Justice Thomas would have held that the elements clause encompasses only 'intentional acts designed to cause

"requires only a *mens rea* of recklessness." 593 U.S. at 423.
Notably, the Court also defined what it meant by
recklessness for purposes of the violent felony definition[3]:
reckless conduct requires that an individual "'consciously
disregard[] a substantial and unjustifiable risk' attached to
his conduct, in 'gross deviation' from accepted standards."
*Id.* at 427 (citing Model Penal Code § 2.02(2)(c)). Thus, as
compared to the mental states of purpose and knowledge,
"[r]ecklessness" is "less culpable" because it "instead
involve[s] insufficient concern with a risk of injury." *Id.*

Before *Borden*, our circuit had also held that "crimes of
recklessness cannot be crimes of violence." *Fernandez-Ruiz
v. Gonzales*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc).
But we did not distinguish *which* element of a crime required
a mens rea greater than recklessness to qualify as a crime of
violence. This distinction is important because crimes with
multiple elements may require a different mens rea with
respect to each. For example, a battery statute may require
that "the force involved" is "volitional," meaning that an
"involuntary motion" would not qualify. *Voisine v. United
States*, 579 U.S. 686, 692–93 (2016). But even if the initial
act of force is intentional, the defendant may have acted
without intending that the force be directed at anyone else; a
defendant may intentionally throw an object, but not know,
or intend, that the object would hit another person. Even
then, however, the defendant may be guilty of battery if the
thrown object hits another person. In such a scenario, the

---

harm.'" *Gomez*, 165 F.4th at 1208 (quoting *Borden*, 593 U.S. at 446
(Thomas, J., concurring)). Therefore, the plurality opinion is "binding
upon us." *Id.*

[3] This definition varies from the definition of recklessness used in some
California cases. *See Gomez*, 165 F.4th at 1209 n.5.

mens rea with respect to the initial act (the throw) is intent, though the statute is "indifferent as to whether the actor has the mental state of intention, knowledge, or recklessness with respect to the harmful consequences of his volitional conduct." *Id.* at 693.

*Borden* makes clear that, to qualify as a crime of violence, an offense requires a mens rea greater than recklessness (e.g., purpose or knowledge)[4] as to the use of force *directed at another person*—rather than merely any volitional act involved with the crime. The Court's plurality explained that "'[t]he phrase 'against another,' when modifying the 'use of force,'" in the elements clause "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." *Borden*, 593 U.S. at 429 (plurality opinion); *see also id.* at 436–37 ("The very question here is whether the statutory language Congress enacted requires that force be directed at, rather than just happen to hit, an object."); *id.* at 443 (explaining that the elements clause "excludes conduct, like recklessness, that is not directed or targeted at another"). Moreover, the Supreme Court has explained that, in the elements clause, "the phrase 'physical force' means *violent* force—that is, force capable of causing

---

[4] In *Borden*, the Court noted that "[s]ome States recognize mental states (often called 'depraved heart' or 'extreme recklessness') between recklessness and knowledge," though the Court declined to "address whether offenses with those mental states fall within the elements clause." 593 U.S. at 429 n.4. In *United States v. Begay*, we held that depraved heart or extreme recklessness mental states satisfy the *Borden* definition for a crime of violence. 33 F.4th at 1093. Neither party argues that Cal. Penal Code § 273.5 involves a mental state between knowledge and recklessness.

physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Accordingly, the elements clause includes only those crimes that require a mens rea greater than recklessness as to the use of violent force directed at another person—meaning that when the defendant used force, he intended or knew that the force would touch another.[5] *Borden* explains that "violent felon[ies]" are "best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Id.* at 438 (plurality opinion); *see also id.* at 446 (Thomas, J., concurring) (explaining that the phrase "use of physical force . . . has a well-understood meaning applying only to intentional acts designed to cause harm" (internal quotation marks and citations omitted)). The *Borden* Court thus focused on whether the use of force was directed at another person, rather than merely the initial volitional act of force.

This reading of *Borden* is confirmed by our recent decision in *United States v. Gomez*, 165 F.4th at 1208. In *Gomez*, we held that, following *Borden*, assault with a

---

[5] There is some dispute as to whether *Borden* requires that the defendant intend or know that injury is likely to result, or whether the defendant must merely intend, or know, that their use of force is directed at another person. *Compare United States v. Delaine*, 171 F.4th 880, 892 (6th Cir. 2026) (explaining that, for the crime of violence definition, *Borden* does not "suggest that the defendant must [] intend (or know of) the injury that this force causes"); *with United States v. Vega*, No. 22-30049, 2023 WL 4858148, at *1 (9th Cir. July 31, 2023) (holding that *Borden* "requires that a crime of violence involve at least some awareness that the use of force will cause harm"). Because the statute at issue does not require a mens rea greater than recklessness with respect to the use of force directed at another person, we need not, and do not, resolve this debate here.

deadly weapon under Cal. Penal Code § 245(a)(1) is not a crime of violence because it "does not require an intent to cause harm," nor does it require "'a subjective awareness' of the risk of injury the defendant has created"; "it merely requires an intent to do an act that results in harm." *Gomez*, 165 F.4th at 1208–09. We reasoned that "[t]he California Supreme Court has held that the requisite mens rea for a conviction under Section 245(a)(1) is 'an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another,'" *id.* at 1208 (quoting *People v. Williams*, 26 Cal. 4th at 779, 790 (2001)), rather than "a subjective awareness that harm 'is practically certain' to result," *id.* at 1209 (quoting *Borden*, 593 U.S. at 426). "Section 245(a)(1), therefore, does not require an intent to apply force, knowledge that an action will cause force to be applied to another, or even subjective awareness of a risk that such force will result." *Id.* at 1208. Because a conviction under § 245(a)(1) "'does not require . . . a subjective awareness' of the risk of injury the defendant has created," the statute does not have the requisite mens rea to quality as a crime of violence. *Id.* at 1209 (quoting *Williams*, 26 Cal. 4th at 790).

In sum, to qualify as a categorical "crime of violence," an offense must require a mens rea greater than recklessness both as to the use of force sufficient to cause pain or injury and to the fact that the use of force is directed at another person.

## III.

With the definition of "violent felony" in mind, we turn to the statute at issue: Cal. Penal Code § 273.5. We apply the categorical approach when determining whether a state

crime qualifies as a federal "crime of violence." *Borden*, 593 U.S. at 424. "[U]nder the categorical approach, the least culpable act criminalized under the statute of conviction must involve the level of force described in the federal crime of violence definition." *Gomez*, 165 F.4th at 1207. Therefore, "[i]f the statute criminalizes any conduct less culpable than the federal definition's requirement, 'the statute is not a categorical match,' and a conviction under that statute does not qualify as a crime of violence." *Id.* (quoting *Begay*, 33 F.4th at 1091).

"We review de novo whether a state-law crime constitutes a crime of violence under the Guidelines." *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017). In doing so, we apply state law to determine the required elements of the state statute. *See Johnson*, 559 U.S. at 138 (explaining that while interpreting the elements clause is a question of federal law, we are "bound" by the state court's "interpretation of state law, including its determination of the elements" of the relevant crime). Thus, in determining the mens rea requirements of Cal. Penal Code § 273.5, we look to the decisions of the California Supreme Court, and "[w]here there is no convincing evidence that the state supreme court would decide differently," we "follow the decisions of the state's intermediate appellate courts." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)).

A. Battery and Assault in the California Penal Code

California's Penal Code is idiosyncratic. The state has not adopted the Model Penal Code, and many of the terms used in California's statutes have unique definitions specific to the state. *See, e.g. Gomez*, 165 F.4th at 1209 n.5

(explaining that California cases use a different definition for "recklessness" than the definition in the Model Penal Code). Before turning to the specific mens rea requirements of § 273.5, we lay out the general statutory scheme of assault and battery statutes in California because that background informs the meaning of the battery statute at issue here.

California's Penal Code defines various assault and battery statutes and categorizes each according to the harm caused and the class of victim. To start: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. The California Supreme Court has explained that "assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another," and therefore "does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur." *Williams*, 26 Cal. 4th at 790; *see also People v. Wyatt*, 48 Cal. 4th 776, 779 (2010) ("Under *Williams*, a defendant may commit an assault without realizing he is harming the victim, but the prosecution must prove the defendant was aware of facts that would lead a reasonable person to realize that a battery would directly, naturally, and probably result from the defendant's conduct.").

A battery is a completed assault. *See Williams*, 26 Cal. 4th at 786. The California Penal Code defines battery as "any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. In California, "the general rule [is] that statutes proscribing willful behavior are general intent crimes." *People v. Thurston*, 71 Cal. App. 4th 1050, 1055 (1999); *see also* Cal. Penal Code § 7(b)(1) ("'Willfully,' when applied to the intent with

which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, to injure another, or to acquire any advantage."). And California courts have concluded that both assault and battery are general intent crimes. *See Ceron v. Holder*, 747 F.3d 773, 779 (9th Cir. 2014) ("Assault is 'a general intent crime.'" (quoting *Williams,* 26 Cal. 4th at 788)); *Thurston*, 71 Cal. App. 4th at 1054 (explaining that California "courts have concluded consistently that such felony battery is a general intent crime, requiring only an intent to do the assaultive act"). Indeed, "[t]he mental state required for battery is the same as that required for assault." *People v. Hayes*, 142 Cal. App. 4th 175, 180 (2006). Just like assault, "[a] person need not have an intent to injure to commit a battery. He only needs to intend to commit the act." *People v. Mansfield*, 200 Cal. App. 3d 82, 88 (1988); *see also People v. Colantuono*, 7 Cal. 4th 206, 217 (1994) (explaining that assault and battery each "constitutes a discrete offense for which only an intent to commit the proscribed act is required").

The California Penal Code provides for additional penalties when injury occurs. For example, an aggravated battery is a simple battery where "serious bodily injury is inflicted on the person." Cal. Penal Code § 243(d); *see also Mansfield*, 200 Cal. App. 3d at 88 ("The offense of felony battery is a simple battery which results in serious bodily injury."). "Thus, the state of mind necessary for the commission of a battery with serious bodily injury is the same as that for simple battery; it is only the result which is different." *Mansfield*, 200 Cal. App. 3d at 88.

Cal. Penal Code § 273.5—the statute at issue here—is also a battery offense. *See Thurston*, 71 Cal. App. 4th at 1053 ("[S]ection 273.5. . . is a battery offense—a use of force

resulting in an injury."). It applies in the domestic context when injury results from the battery. *See People v. Gutierrez*, 171 Cal. App. 3d 944, 952 (1985) ("It is *injury resulting in a traumatic condition* that differentiates [§ 273.5] from lesser offenses. Both simple assault and misdemeanor battery are included in a prosecution of section 273.5." (citations omitted)). Section 273.5(a) provides: "A person who willfully inflicts corporal injury resulting in a traumatic condition upon" their spouse, former spouse, cohabitant, former cohabitant, or anyone with whom the offender has or had a dating relationship, "is guilty of a felony." Cal. Penal Code § 273.5(a). The statute defines a "traumatic condition" as "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, whether of a minor or serious nature, caused by a physical force." *Id.* § 273.5(d); *see also People v. Reid*, 105 Cal. App. 5th 446, 457 (2024) ("California case law interpreting section 273.5 makes clear that even a 'minor injury [is] sufficient to satisfy the statutory definition' of a traumatic condition." (quoting *People v. Abrego*, 21 Cal. App. 4th 133 (1993)))*, review denied* (Dec. 11, 2024).

While the text of Cal. Penal Code § 273.5 may appear to suggest that the statute requires that the defendant intentionally injure the victim, California appellate courts have consistently explained that § 273.5 "requires only the mens rea of intending to do the assaultive act" that is likely to result in bodily harm and does not require a separate intent to cause injury. *Thurston*, 71 Cal. App. 4th at 1055; *see also People v. Serrano*, 77 Cal. App. 5th 902, 919 (2022) ("For purposes of section 273.5, the term 'willfully' simply means an intent to commit the act that results in corporal injury."); *People v. Campbell*, 76 Cal. App. 4th 305, 308 (1999) ("A

defendant may be found guilty of section 273.5, subdivision (a), if he willfully used force against his spouse, even if he did not specifically intend to cause the traumatic injury."), *disapproved of on other grounds by People v. Farwell*, 5 Cal. 5th 295 (2018). And there is no reason to believe the California Supreme Court would decide differently.[6] Indeed, like the other assault and battery statutes in California, § 273.5 is a general intent crime. *See* Jud. Council of Cal., Crim. Jury Instructions (CALCRIM), No. 840 (including section of authority to demonstrate that § 273.5 is a "General Intent Crime"); *Donley v. Davi*, 180 Cal. App. 4th 447, 458 (2009) ("[S]ection 273.5 is a general intent crime."). And as a general intent crime, § 273.5 requires only "an intent to do the act that causes the harm," rather than an intent to "cause the resulting harm." *People*

---

[6] While the California Supreme Court has not ruled directly on the question of the mens rea required for § 273.5, the California Supreme Court's rulings on the mens rea required for assault and battery statutes generally accord with the California Courts of Appeals' rulings as to the mens rea required for § 273.5. *See Williams*, 26 Cal. 4th at 786 ("[A]ssault lies on a definitional . . . *continuum of conduct* that describes its essential relation to battery: An assault is an incipient or inchoate battery; a battery is a consummated assault." (internal quotation marks and citations omitted)); *People v. Sargent*, 19 Cal. 4th 1206, 1219–24 (1999), *as modified* (Mar. 9, 1999) (concluding that Cal. Penal Code § 273a(a), which criminalizes "inflict[ing] [] unjustifiable physical pain or mental suffering" on a child "requir[es] general criminal intent" only and concluding that the mens rea is similar to assault statutes, so "the defendant must have a mens rea of general criminal intent to commit the proscribed act" and "the trier of fact must determine whether the infliction of the unjustifiable physical pain or mental suffering on a child was under circumstances or conditions likely to produce great bodily harm or death," a matter which is "extrinsic to the intent element of the crime"); *People v. Valdez*, 27 Cal. 4th 778, 789 (2002) ("[U]se of a general intent standard is appropriate when the statute criminalizes commission of a battery.").

*v. Atkins*, 25 Cal. 4th 76, 86 (2001) (quoting *People v. Davis*, 10 Cal. 4th 463, 518–519 n.1 (1995)).

## B. California Penal Code § 273.5 Is Not a Categorical Crime of Violence

Cal. Penal Code § 273.5(a) is not a categorical crime of violence because the offense "requires only the mens rea of intending to do the assaultive act," and does not require intent, or knowledge, that the use of force is directed at another. *Thurston*, 71 Cal. App. 4th at 1055; *see also Serrano*, 77 Cal. App. 5th at 919 ("For purposes of section 273.5, the term 'willfully' simply means an intent to commit the act that results in corporal injury."); *People v. Burton*, 243 Cal. App. 4th 129, 134, 134 n.8 (2015) (explaining that § 273.5(a) does not "require[] the specific intent to inflict injury," and only "requires a 'willful' act which results in injury").

A recent California case illustrates the distinction between the intent to commit the assaultive act and the intent, or knowledge, that the use of force is directed at another. In *People v. Osborne*, No. B294930, 2019 WL 5999209 (Cal. Ct. App. Nov. 14, 2019) (unpublished), the victim was injured after the defendant threw his phone "in the direct line" of where the victim was standing and the phone hit her. *Id.* at *1–2. On appeal, the defendant argued that "there was not substantial evidence he willfully inflicted injury on [the victim] because there was no evidence he intended to throw the phone at her and cause her injury." *Id.* at *3. The California Court of Appeal held that this argument was unavailing because "section 273.5, subdivision (a) requires only the mens rea of intending to do the assaultive act." *Id.* (quoting *Thurston*, 71 Cal. App. 4th at 1055). Therefore, "the intent required was not that [the

defendant] specifically intended to strike [the victim] with the phone and cause injury, but that he intended to commit an act likely to result in the application of physical force to [the victim]." *Id.* Because "it was reasonably foreseeable the phone would hit [the victim] and injure her, the defendant's "intent to throw the phone satisfied the willfulness requirement of section 273.5." *Id.; see also People v. Wilson*, No. H047235, 2022 WL 2747292, at *6 (Cal. Ct. App. July 14, 2022) (unpublished) (affirming a conviction for § 273.5 where the defendant "intentionally closed [a] door," which slammed on the victim's hand, despite the defendant's argument that he did not intend to injure the victim and did not know that her hand was in the door, because "what was required was that [the defendant] intended to commit an act likely to result in the application of physical force to [the victim]" and "it was reasonably foreseeable the door would hit [the victim] and injure her").

## IV.

As a three-judge panel, we are generally bound by our circuit's precedent. *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1070 (9th Cir. 2015). However, we "should reject the prior circuit" precedent when it is "clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller*, 335 F.3d at 893. Our previous caselaw holding that § 273.5 is categorically a crime of violence is clearly irreconcilable with *Borden* and *Gomez*.

In *Gomez*, we recognized that we had erred in prior cases holding that assault with a deadly weapon under Cal. Penal Code § 245(a)(1) is categorically a crime of violence. We explained that "before and after *Borden*, we ha[d] consistently held that Section 245(a)(1) qualifies as a crime of violence." *Gomez*, 165 F.4th at 1211. For example, in

*United States v. Vasquez-Gonzalez*, "we held that Section 245(a)(1)'s 'intentional act' requirement establishes that it is an intentional crime, which satisfies the elements clause." *Id.* (quoting *Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018), *overruled by Gomez*, 165 F.4th at 1199). But, "[t]he 'intentional act' requirement in Section 245(a)(1) requires only that the act in question be volitional." *Id.* at 1209. Thus, after conducting the required analysis under *Borden*, we held that our previous decisions as to the mens rea requirements of § 245(a)(1) were wrong because, in California, assault "'does not require . . . a subjective awareness' of the risk of injury the defendant has created." *Id.* at 1209 (quoting *Williams*, 26 Cal. 4th 779). While assault requires a volitional (or intentional) act, it does not require that the defendant intentionally, or knowingly, direct physical force sufficient to cause harm at another person.

We have repeated the same error in our precedent interpreting § 273.5 as a categorical crime of violence. This is not surprising because "[t]he mental state required for battery is the same as that required for assault." *Hayes*, 142 Cal. App. 4th at 180.

Take, for example, *Laurico-Yeno*: our first published decision holding that "California Penal Code § 273.5 is a categorical crime of violence." *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). The *Laurico-Yeno* court relied on California's interpretation of "willful" in *People v. Lewis*, 120 Cal. App. 4th 837, 852 (2004). In *Lewis*, a California appellate court explained that, under California law, "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." 120

Cal. App. 4th at 852 (quoting Cal. Penal Code § 7(b)(1)). Thus, in California, "[t]he word 'willfully' as generally used in the law is a synonym for 'intentionally,' i.e., the defendant intended to do the act proscribed by the penal statute." *Id.*

The court in *Lewis* departed from that general rule only because of unique elements in the statute that it analyzed. The *Lewis* court analyzed a statute that made a defendant presumptively ineligible for probation if he "willfully inflicted great bodily injury . . . in the perpetration of the crime." *Id.* (quoting Cal. Penal Code § 1203(e)(3)). Because that statute "describe[d] no initial act," and instead "merely" referred to "a result, i.e., the infliction of great bodily injury," the *Lewis* court concluded that the statute required "the defendant's intent to cause great bodily injury." *Id.* In doing so, the court contrasted the statute it was analyzing with other types of statutes:

> When the structure of a section requires a willful act followed by some particular result, then it is reasonable to read the willful, i.e., intentional, element as referring only to the initial act and not to the ultimate result. In such sections the word "willfully" does not require the defendant intend the ultimate result, only that he or she intended the intitial [sic] act.
>
> The word "willfully" in section 1203, subdivision (e)(3), does not follow this act/result form. It refers merely to a result, i.e., the infliction of great bodily injury. Given this structure of the section, we conclude the only reasonable reading of it is the word "willful" requires the defendant's

> intent to cause great bodily injury or torture,
> not merely that the crime resulted in great
> bodily injury or torture. . .

*Id.* at 852–53 (citations omitted). Significantly, the probation statute at issue in *Lewis* applied only when the defendant had *already* been convicted of some underlying crime, and the question was if, during the commission of that crime, the defendant "willfully inflicted great bodily injury or torture." Cal. Penal Code § 1203(e)(3). Thus, "willfully" could not apply to the underlying act of the crime; there was no underlying actus reus criminalized by the statute.

The *Laurico-Yeno* court applied that willfulness holding to § 273.5 without analyzing the differences between the probation statute at issue in *Lewis* and the substantive criminal statute of § 273.5. Unlike the probation statute at issue in *Lewis*, § 273.5(a) does provide for a "willful act followed by some particular result," 120 Cal. App. 4th at 852: it criminalizes the act of "willfully inflict[ing] corporal injury" that "result[s] in a traumatic condition," Cal. Penal Code § 273.5. Thus, *Lewis* is in harmony with the other California Courts of Appeals' cases holding that "willfully" in § 273.5 refers only to the intent to do the initial act.

In *Laurico-Yeno*, we explained that "[t]he plain terms of" § 273.5 "require a person willfully to inflict upon another person a traumatic condition, where willfully is a synonym for intentionally." 590 F.3d at 821 (citing *Lewis*, 120 Cal. App. 4th at 852). Therefore, we held that "[b]ecause a person cannot be convicted without the intentional use of physical force, § 273.5 categorically falls within the scope of a 'crime of violence.'" *Id*. However, we did not distinguish between the mens rea required for the initial act of physical force and the mens rea required for directing that

physical force *at someone else*, which is the very analysis that *Borden* and *Gomez* now require us to conduct. *See id.*

Indeed, in each of our previous cases holding that § 273.5 is a categorical crime of violence, we failed to determine whether § 273.5 requires a mens rea greater than recklessness as to the use of force directed at another. *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1082–86 (9th Cir. 2010); *United States v. Ayala-Nicanor*, 659 F.3d 744, 748–53 (9th Cir. 2011); *United States v. Walker*, 953 F.3d 577, 579–80 (9th Cir. 2020).[7] Like the assault statute at issue in *Gomez*, § 273.5 requires only that the defendant intend to do the initial act; it does not require that the defendant intend or know that the use of force is directed toward another. Accordingly, § 273.5 is not a categorical crime of violence, and our former case law stating to the contrary is overruled because it is clearly irreconcilable with *Borden* and *Gomez*.

---

[7] The government cites to *Olea-Serefina v. Garland*, 34 F.4th 856 (9th Cir. 2022)—a case published after *Borden*—arguing that the case reaffirmed our case law that § 273.5 is categorically a crime of violence. But *Olea-Serefina* is not precedent as to how *Borden* impacts the crime of violence analysis because *Olea-Serefina* did not consider or cite *Borden* at all. *See United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) ("[C]ases are not precedential for propositions not considered." (internal quotation marks and citations omitted)). Moreover, like our previous cases, *Olea-Serefina* does not distinguish between the mens rea required for the use of force itself and the mens rea required for directing that force at another. *See Olea-Serefina*, 34 F.4th at 865 (explaining that the statute in question required "'a purpose or willingness to commit the act' in question," without analyzing whether the statute requires that the defendant intend or know that the use of force is directed at another (citing Cal. Penal Code § 7(1))).

## V.

The government's arguments to the contrary are unpersuasive. The government cites *People v. Jackson*, 77 Cal. App. 4th 574, 578 (2000), and asserts that § 273.5 requires willful conduct, unlike other California assault and battery statutes. True, the *Jackson* court acknowledged that "the Legislature intended, in section 273.5, to define as a felony a very particularized battery." *Id.* But *Jackson* does not stand for the principle that the mens rea for § 273.5 differs from the mens rea standard in other California assault and battery statutes. The question in *Jackson* was related to the actus reus, rather than the mens rea, required by § 273.5. The court considered whether a defendant could be convicted of § 273.5 when "the victim's injuries resulted from her attempt to escape rather than from the battery," and concluded that such conduct was not a violation of § 273.5 because "the victim's injury d[id] not result from direct physical contact by the defendant." *Id.* at 575. However, that conduct *was* a violation of § 243(e)(1), which criminalizes domestic battery without any requirement of injury. *Id.* at 580. Thus, the *Jackson* court stated that § 273.5 is "a very particularized battery" because it requires a direct force that results in injury, not because the mens rea for § 273.5 differs in any way from California's other battery statutes.

The government further argues that we should consider only the "plain language" of the statute. According to the government, because § 273.5 requires the defendant to "willfully inflict[] corporal injury," the statute criminalizes only intentional conduct directed at another. But we must look to California law to interpret the statute, and California law is clear that "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a

purpose or willingness to commit the act, or make the omission referred to," and "does not require any intent to violate [the] law, or to injure another, or to acquire any advantage." *People v. Valdez*, 27 Cal. 4th 778, 787–88 (2002) (citing Cal. Penal Code § 7(b)(1)). And California appellate courts have uniformly interpreted the "willfulness" requirement in § 273.5 to apply to the initial act only. *See Thurston*, 71 Cal. App. 4th at 1055 ("[S]ection 273.5, subdivision (a) requires only the mens rea of intending to do the assaultive act."); *Serrano*, 77 Cal. App. 5th at 919 ("For purposes of section 273.5, the term 'willfully' simply means an intent to commit the act that results in corporal injury."). Indeed, the government identifies no California case that squarely holds otherwise.

## VI.

Convictions under California Penal Code § 273.5 are not crimes of violence. We overrule our prior precedent to the contrary under *Miller v. Gammie*. *See* 335 F.3d at 889. The district court, while properly applying our prior precedent, should not have applied U.S.S.G. § 2K2.1(a)(2) to enhance to Lopez's sentence. We **REMAND** with instructions to the district court to resentence Lopez consistently with this opinion.

**Sentence VACATED; REMANDED for resentencing.**